**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Ryan Brand, et al., | ) |
| Plaintiffs, | ) No. CV-15-00739-PHX-PGR |
| vs. | ) |
| | ) <u>ORDER</u> |
| United States of America, et al., | ) |
| Defendants. | ) |

Pending before the Court are the plaintiffs' Motion to Dismiss Amended Counterclaim of United States Pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. 31), the plaintiffs' Motion to Dismiss Amended Third-Party Complaint of United States Pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. 32)), and the Brand plaintiffs' Motion to Strike Defendant's Second Filing of Amended Answer and Counterclaim (Doc. 41), all of which the United States has opposed.  Having considered the parties' memoranda in light of the relevant record, the Court finds that all three motions should be denied.[1]

---

[1]    While the Brand plaintiffs have requested oral argument on their motion to strike, the Court concludes that oral argument would not aid the decisional process.

1

Relevant Background

2

      The plaintiffs, Ronald Brand, Cheryl Brand, the Brands' minor child M.B., and

3

Allison Tashlik and Adam Rinne[2], commenced this action on April 23, 2015.  The

4

action arises from the collision on the Colorado River on July 5, 2013 between a

5

power boat driven by Ronald Brand, which contained the other plaintiffs as

6

passengers, and a power boat belonging to the United States Customs and Border

7

Patrol, which contained three Border Patrol agents. The original complaint, which

8

was solely brought pursuant to the Federal Torts Claims Act, named as defendants

9

the United States, the United States Customs and Border Protection agency, and the

10

three Border Patrol agents and their spouses.

11

      On June 26, 2015, the United States filed its original answer and counterclaim

12

against Ronald Brand, its original third-party complaint against Brand, as well as a

13

motion to dismiss the federal agency and the individual federal agents and their

14

spouses for lack of subject matter jurisdiction.  In response thereto, the plaintiffs filed

15

a motion on July 1, 2015, wherein it sought leave to file a first amended complaint

16

adding claims under the Suits in Admiralty Act and the Public Vessels Act.

17

      On July 10, 2015, the plaintiffs filed separate motions (Docs. 26 and 27) to

18

dismiss the United States' third-party complaint and its counterclaim. In response to

19

those motions, the United States filed an amended answer and amended

20

counterclaim against Ronald Brand on July 15, 2015, as well as an amended third-

21

party complaint (Doc. 30) pursuant to Fed.R.Civ.P. 14(c) against Ronald Brand.  On

22

July 16, 2015, the plaintiffs filed their pending motions (Docs. 31 and 32) to dismiss

23

the United States' amended counterclaim and amended third-party complaint, which

24

_____

2

25

26

            While the plaintiffs are jointly prosecuting this action, Tashlik and Rinne
are represented by different counsel than the Brands.

1    the United States has opposed.

2         In light of the United States' non-opposition to the plaintiffs' motion to amend,

3    and the plaintiffs' non-opposition to the United States' motion to dismiss, the Court

4    entered an order (Doc. 36) on August 4, 2015, wherein it granted both motions and

5    permitted the plaintiffs to file an amended complaint that added the two new

6    statutory bases, with the proviso that the amended complaint had to delete all of the

7    United States-related defendants except the United States itself.  The plaintiffs filed

8    their First Amended Complaint (Doc. 37) on August 4, 2015; the amended complaint

9    alleges claims for negligence and vicarious liability, gross negligence, and negligent

10   entrustment.  On August 5, 2015, the United States filed its answer to the First

11   Amended Complaint and its [second] amended counterclaim against Ronald Brand

12   (Doc. 39).

13        On August 5, 2015, the Brand plaintiffs filed their pending motion to strike the

14   United States' most recent filing of its amended answer and counterclaim, which the

15   United States has opposed.  On September 8, 2015, the Court denied as moot the

16   plaintiffs' original motions to dismiss the United States' counterclaim and third-party

17   complaint in light of the plaintiffs' subsequent motions to dismiss the [first] amended

18   counterclaim and [first] amended third-party complaint.

19   Motion to Strike

20        The Brand plaintiffs have moved to strike the United States' [second] amended

21   answer and [second] amended counterclaim on the ground that they were filed

22   without leave of Court or the permission of the plaintiffs after the plaintiffs' motion to

23   dismiss the [first] amended counterclaim was fully briefed; the plaintiffs assert that

24   since the [second] amended counterclaim added some new factual allegations, the

25   United States filed it in order to get a "do-over" to counteract the pending motion to

26

- 3 -

dismiss.

Why this issue may be a product of a procedural gray area between the various deadlines of Fed.R.Civ.P., 15(a), the Court declines to strike the United States' latest amended answer and counterclaim because it was timely filed in response to the plaintiffs' First Amended Complaint and within 21 days after service of the plaintiffs' only pending motions to dismiss.  Regardless of whether the plaintiffs are correct that their amended complaint did not require an amended answer and counterclaim because it did not contain any new facts, the United States has the right to file a responsive pleading to an amended complaint.[3]

Motions to Dismiss Amended Third-Party Complaint and Amended Counterclaim

The plaintiffs have moved to dismiss the United States' amended third-party complaint and amended counterclaim against Ronald Brand with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).[4]

The amended third-party complaint alleges that the collision was proximately caused by Ronald Brand's negligent operation of the plaintiffs' boat.  The amended third-party complaint further alleges, pursuant to Fed.R.Civ.P. 14(c), that Ronald Brand "is liable and tendered directly as a defendant to Passenger Plaintiffs Cheryl

---

[3]        The Court further declines to strike the additional facts the Brand plaintiffs assert the United States added to its [second] amended answer and counterclaim.  Because this is a pleading-related issue, the Court has not relied in any manner on the evidentiary exhibits the parties have attached to their memoranda related to the motion to strike, *i.e.,* the drawings of the accident scene by Ronald and Cheryl Brand submitted by the United States and the Yuma County Sheriff Department's report concerning the accident submitted by the Brand plaintiffs.

[4]        Since the Court is denying the motion to strike, the Court construes the motions to dismiss as being applicable to the United States' most recent amended third-party complaint (Doc. 30) and its most recent amended counterclaim (Doc. 39).

Brand, Minor Child M.B., Allison Tashlik and Adam Rinne with respect to the matters alleged in said Passenger Plaintiffs' Complaint and Amended Complaint."[5]

The plaintiffs initially argued as to both pleadings that they needed to be dismissed because their threadbare recital of the elements of negligence were insufficient to state a claim for relief against Ronald Brand. In response thereto, the United States argued that its pleadings were sufficient because they complied with the requirements of Fed.R.Civ.P. Appendix of Forms no. 11, which deals with complaints for negligence; in so arguing, the United States cited to Fed.R.Civ.P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."), and K-Tech Telecommunications, Inc. v. DirecTV, 714 F.3d 1277, 1283 (Fed.Cir.2013) (Court noted that "a proper use of a form contained in the Appendix of Forms effectively immunizes a claimant from attack regarding the sufficiency of a pleading.")[6]

In their reply, the plaintiffs argue that the amended third-party complaint must be dismissed because the United States cannot prove a plausible set of facts

---

[5]

Rule 14(c)(1), which applies to third-party practice involving admiralty or maritime claims, such as those brought in the plaintiffs' First Amended Complaint, provides in relevant part:

> If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant ... may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partially liable - either to the plaintiff or to the third-party plaintiff - for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.

[6]

Although the United States repeatedly cited to and referenced the K-Tech case in its response to the motions to dismiss as being a Ninth Circuit decision, the case is clearly a decision by the Federal Circuit, which applied Ninth Circuit case law as the governing regional law.

against Ronald Brand.  The plaintiffs argue in part that Brand, as a plaintiff in the initial complaint, does not meet the definition of a third-party defendant. The Court disagrees to the extent that the United States argues that under Rule 14(c) Ronald Brand may be liable as a third-party defendant to the other passenger plaintiffs.

The plaintiffs further argue that Ronald Brand cannot be held liable as a third-party defendant in any case because the other passenger plaintiffs have submitted affidavits stating that they will not pursue any claims against Ronald Brand related to the collision, that they do not accept the tender of the third-party complaint on their behalf, and that any allegation by the United States that Ronald Brand was at fault for the collision is meritless because the United States was solely responsible for the collision. The Court agrees with the United States that these affidavits are not properly considered in a Rule 12(b)(6) motion as they constitute extraneous evidence outside of the amended third-party complaint that do not otherwise fall into any exception permitting the Court to consider them at this time.[7]

The [second] amended counterclaim, which the United States brings in part pursuant to Fed.R.Civ.P. 13, also alleges that the collision was due to Ronald Brand's negligent operation of the plaintiffs' boat.  In light of the United States' response to the motion to dismiss, the plaintiffs agree in their reply that Form 11 establishes the federal pleading standard but argue that the United States has not met that standard because the amended counterclaim, as well as the amended third-party complaint, fails to properly allege that the United States suffered any damages from Ronald Brand's alleged negligence since the United States is only bringing an

_____

[7]

The Court does not reach the potential issue of whether plaintiff Cheryl Brand has the legal right to waive any claims against Ronald Brand on behalf of their minor child M.B.

unmatured claim for contribution.[8]  The plaintiffs cite in support to <u>Stahl v. Ohio River Co.</u>, 424 F.2d 52, 55 (3rd Cir.1970) ("A claim for contribution is not a matured claim as contemplated under Rule 13(e) because such a claim is contingent upon a verdict and judgment establishing liability of a party as a joint tortfeasor. Since Rule 13(e) has no provision which accelerates an unmatured claim, a claim for contribution may not be elevated to the subject matter of a counterclaim.") (footnoted omitted).

The United States argues, and the Court agrees, that a counterclaim that seeks contribution is appropriate here.  While the Court recognizes that there is a conflict among the courts as to whether such a contribution counterclaim is appropriate, the Court accepts the more recent, and more pragmatic, trend that permits counterclaims for contribution in admiralty and maritime-related cases. *See e.g.*, <u>In re Oil Spill by Amoco Cadiz off Coast of France on March 16, 1978</u>, 491 F.Supp. 161, 165 (N.D.Ill.1979) (Court, in holding that a counterclaim for contribution could be asserted without waiting until after the counterclaimant's liability was fixed, stated: "[T]he movants argue that a claim for contribution is not mature and cannot be asserted by counterclaim under Rule 13.  While it is true that courts have held that[] the right to contribution does not mature unless and until one has been compelled damages in excess of his proportionate share under a comparative negligence theory, ... the recent trend, and the more pragmatic approach, has been to permit counterclaims for contribution."); *accord*, <u>In the Matter of the Petition of Settoon Towing LLC</u>, 2008 WL 1788542, at *2 (E.D.La. April 18, 2008) (Court, noting

---

[8]      Paragraph 70 of the United States' [second] amended counterclaim alleges in part that any damages suffered by the passenger plaintiffs were solely caused by Ronald Brand's negligence, and that "the United States is entitled to contribution and judgment over Ronald Brand for any monies the United States may be obligated to pay the Passenger Plaintiffs, plus interest and costs."

that "[c]ourts sitting in admiralty have long established and implemented the policy of litigating all claims in a single forum[,]" denied a motion to dismiss a counterclaim for indemnity and contribution, stating that it found "persuasive the pragmatic approach applied in *In re: Oil Spill by the by Amoco Cadiz off Coast of France on March 16, 1978*, wherein the district court held that movants were not entitled to dismissal of limitation plaintiff's counterclaim seeking indemnity and contribution for oil spill cleanup costs."); Dejana v. Marine Technology, Inc., 2013 WL 1282327, at *2 (E.D.Mo. March 26, 2013) (In declining to dismiss a negligence-based counterclaim for contribution stemming from a boating accident, court noted that "[w]hile claims for contribution have been held by some courts to be outside the purview of Fed.R.Civ.P. 13(a) because they are claims which are contingent on the outcome of litigation and thus not mature claims, there is ample authority to the contrary[.]") (citing cases).

The Court concludes, for purposes of Rule 12(b)(6), that the United States' amended third-party complaint and its [second] amended counterclaim facially allege sufficient factual content to support a plausible claim for negligence against Ronald Brand.  Whether the United States can prove that Brand acted negligently with regard to the collision, and whether any party was damaged as a result of that negligence, is not properly before the Court at this initial stage of the litigation. Therefore,

IT IS ORDERED that the plaintiffs' Motion to Dismiss Amended Counterclaim of United States Pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. 31), the plaintiffs' Motion to Dismiss Amended Third-Party Complaint of United States Pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. 32)), and the Brand plaintiffs' Motion to Strike Defendant's Second Filing of Amended Answer and Counterclaim (Doc. 41) are all

1    denied.

2         DATED this 14th day of September, 2015.

3

4

5    Paul G. Rosenblatt
     United States District Judge

6

- 9 -